UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| D. Lyle Elkins<br>And<br>Martha Elkins,<br><br>     Plaintiffs,<br><br>v.<br><br>International Brotherhood of<br>Teamsters Local 264<br>And<br>Catherine Creighton<br>And Shuttle America,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)     CASE NO: 05-1113--NMG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **SHUTTLE AMERICA'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS AMENDED COMPLAINT**

Defendant Shuttle America ("SA") moves pursuant to Fed. R. Civ. P. 12(b)(6) for an order dismissing the Plaintiffs' Complaint. Teamsters Local 264 ("Local 264") is also filing a motion to dismiss on similar grounds. SA will not burden the Court by repeating all of the arguments advanced by Local 264, except to state that it agrees with Local 264 and adopts Local 264's arguments.

As will be shown below, the Complaint fails to state a cause of action upon which relief may be granted and should, therefore, be dismissed. Briefly stated, the Complaint alleges that the Plaintiff Lyle Elkins ("Elkins") was employed by SA, an air carrier, as a pilot from the Spring of 1999 until his termination in February 2003. Complaint ¶¶ 10, 22. Elkins further alleges that SA terminated his employment because he did not attend a required training in

February 2003. Id. ¶ 18, 22. Elkins claims that he did not attend the flight school for medical reasons. Id. ¶ 23.

Elkins filed a grievance challenging his termination through his union, Local 264, and the grievance was heard by the SA's System Board of Adjustment. Complaint ¶ 27. Local 264 represented Elkins at the hearing. Id. ¶ 43. On or about December 3, 2004, the System Board of Adjustment upheld Elkins' termination. Id. ¶ 27.

In his Complaint, Elkins alleges that SA breached the collective bargaining agreement and wrongfully terminated his employment. Complaint ¶ 62. Elkins also alleges that SA intended to inflict emotional distress upon Elkins or knew or should have know that emotional distress was the likely result of its conduct. Complaint ¶ 66. His allegations are based on his assertion that SA knew of Elkins' medical reasons for not attending the flight school and yet decided to terminate his employment. Complaint ¶ 24, 25. In addition to this, Elkins alleges, in a conclusory fashion, that the union and the attorney who represented him, Catherine Creighton, failed to properly represent him at the hearing relating to the termination of employment. Id. ¶43, 44.

SA requests that the Court dismiss Plaintiffs' Complaint as against it because Elkins has failed to allege or plead with particularity that SA and Local 264 or Attorney Creighton somehow "colluded" in relation to Elkins' grievance or the alleged breach of the collective bargaining agreement. The Complaint should also be dismissed as against SA because Elkins cannot establish a claim of a breach of the duty of fair representation against Local 264. Moreover, Elkins' claims of breach of contract/wrongful termination and intentional infliction of emotional distress should be dismissed because they are barred or preempted by federal law and his claim of intentional infliction of emotional distress against SA fails for the additional reason

that it is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act. Finally, Martha Elkins' derivative claim of a loss of Elkins' consortium is barred because of the preclusion of her husband's claims.

## ARGUMENT

1. **Plaintiffs' Complaint Should Be Dismissed Because Plaintiffs Fail To Allege Sufficient Facts To Support Their Allegations**

It is well settled that in evaluating a motion to dismiss for failure to state a claim, "[courts] require more than conclusions or subjective characterizations. [They] have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts . . . " Dewey v. University of New Hampshire, 694 F. 2d 1, 3-4 (1st Cir. 1982) cert. denied, 461 U.S. 944, 103 S. Ct. 2121 (1983) (upholding dismissal of plaintiff's complaint alleging discharge for protected speech because allegations lacked factual basis). Accord The Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16, 23 (1st Cir. 1989) (dismissal affirmed where plaintiffs provided no factual averment to support their claim that the university treated them differently because of their race); Hogan v. Eastern Enterprises/Boston Gas, 165 F.Supp.2d 55, 57, 67 (D.Mass. 2001) (dismissing complaint including claims under ERISA).

In Hogan, the Court explained that under the Rule 12(b)(6) standard, "bald assertions, ... subjective characterizations, optimistic predictions, or problematic suppositions" need not be credited. Hogan, 165 F.Supp.2d at 57 (internal quotations omitted). See also Dewey, 694 F. 2d at 3 ("we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why"); Aulson v. Blanchard, 83 F. 3d 1, 3 (1st Cir. 1996) ("[the 12(b)(6) standard] does not force an appellate court to swallow the plaintiff's invective hook,

line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited").

Here, Plaintiffs fall far short of the standard required because they do not present facts to support the broad and conclusory allegations against SA. Specifically, Elkins alleges that SA terminated his employment in violation of the collective bargaining agreement because it was aware that he was unable to attend training due to medical reasons. His claim is a derivate action against SA based on his claim that the union breached its duty of fair representation to Elkins. As such, and as explained more fully below, Elkins must plead his Complaint with specificity and must allege collusion between SA and the union. Because the allegations relating to SA are merely conclusory and do not allege collusion or facts to support such an allegation, Plaintiffs' Complaint does not meet the standard required.

### 2.  Plaintiffs Must Plead Their Complaint With Particularity

Allegations of a breach of the duty of fair representation must be pled with particularity. See Gainey v. Brotherhood of Ry. & S.S. Clerks, 313 F.2d 318, 323 (3rd Cir. 1963); Lusk v. Eastern Product Corp., 427 F.2d 705, 708 (4th Cir. 1970); Balowski v. UAW, 372 F.2d 829, 835 (6th Cir. 1967); Stagely v. Illinois Central R.R., 397 F.2d 546, 552 (7th Cir. 1968); Archie v. Chicago Truck Drivers, 585 F.2d 210, 219-20 (7th Cir. 1978); Williams v. General Foods Corp., 492 F.2d 399, 405 (7th Cir. 1974); Augspurger v. BLE, 510 F.2d 853, 859 (8th Cir. 1975). "Courts seeking to conduct a substantive review of a union's conduct must do so in a 'highly deferential' manner. Given this high degree of judicial deference, a plaintiff who alleges a breach of the duty of fair representation must do so with a fair measure of specificity." Washington v. Chicago & N.W. Transportation Co., 1992 U.S. Dist. LEXIS 19449 at *5 (N.D. Ill. 1992) (internal citations omitted). For instance, Courts have explained that "bare allegation

of the existence of a conspiracy, without more, is insufficient to state a cause of action" See also Maisonet v. Trailer and Marine Transport, Inc., 514 F. Supp. 1129, 1133 (D.P.R. 1981).

The Complaint fails to meet this requirement. As explained more fully below, the Complaint merely makes the bald assertion that SA breached the collective bargaining agreement, but it fails to allege that SA somehow "colluded" with Local 264. It does not give the slightest indication of what SA and Local 264 did that might even arguably be characterized as "collusion." Thus, these unsupported allegations are insufficient to support a cause of action for breach of the duty of fair representation. Because the Complaint is not pled with particularity, and fails to even allege facts sufficient to establish a claim against SA, the Complaint should be dismissed.

3. **Plaintiff Fails To Allege Or Even Present Evidence Of Collusion To Support A DFR Claim Against SA**

SA is an air carrier. Complaint at ¶ 8. As such, the Railway Labor Act ("RLA") applies to this claim of a breach of a duty of fair representation. See 29 U.S.C. § 151, 152(2). To the extent that Elkins is pursuing a DFR case against the SA under the RLA, he must prove that the SA colluded with the union in the alleged DFR breach. See United Indep. Flight Officers v. United Air Lines, Inc., 756 F.2d 1274, 1283 (7th Cir. 1985); Raus v. Brotherhood Railway Carmen, 663 F.2d 791 (8th Cir. 1981) (dismissing case against employer because Complaint failed to allege collusion and failed to alleged facts supporting collusion between union and railroad/employer); Crenshaw v. Allied Chemical, 387 F.Supp. 594, 600 (E.D. Va. 1975) (where plaintiffs consented to representation by union and did not allege facts showing collusion by employer or union in process, they are bound by result of arbitration). Here, Elkins' Complaint should be dismissed because he has failed to allege collusion between SA and Local 264 or present any facts that can be construed or characterized as supporting such an allegation.

In his Complaint, Elkins' alleges that SA wrongfully terminated his employment "in a manner contrary to and in violation of the collective bargaining contract" and that SA intentionally inflicted emotional distress upon him in this conduct. Complaint at ¶ 62 and ¶ 64. In describing the factual background of his case, Elkins claims that SA "was aware that [he] did not attend the flight school for medical reasons." Complaint at ¶ 23 and ¶ 24. Elkins also claims that the termination of his employment violated the collective bargaining agreement as well as state and federal discrimination laws. Complaint at ¶ 25. Other than these conclusory statements or allegations about SA, Elkins makes no other allegations about SA's conduct. Indeed, the remainder of the factual allegations in the Complaint are focused solely on the representation offered to Elkins by Local 264, and does not even mention SA. Complaint ¶ ¶ 26-52. Elkins does not allege or suggest that the representation offered by Local 264 was somehow affected by SA's conduct. In the end, Elkins makes no allegations and present no facts that support any allegation that SA and Local 264 "colluded" in the union's representation of Elkins.

Since Elkins has alleged no specific facts to support any allegation that SA and Local 264 "colluded" in the union's representation of him, or why such alleged collusion was unlawful, their allegations do not support a claim of a breach of the duty of fair representation or a breach of the collective bargaining agreement as against SA. For this reason, Counts IV, and V of Plaintiffs' Complaint should be dismissed.[1]

4. **Elkins' Claim Against SA Also Fails Because His Claim Of A Breach Of The Duty Of Fair Representation Against Local 264 Fails**

It is well settled that an employer cannot be held liable absent a finding of liability on the part of the union. See Plumley v. Southern Container, 303 F.3d 364, 374-75 (1st Cir. 2002)

---

[1] Elkins identifies his claim against SA as a "Breach of Contract and Wrongful Termination" claim. To the extent that he has pled this and intends that to be a separate claim from the DFR claim, it is preempted for the reasons explained below.

-7-

(employee may bring claim against employer only if he can prove a DFR claim against union); United Indep. Flight Officers v. United Air Lines, Inc., 756 F.2d at 1283 (holding that if RLA-based DFR claim against the union is dismissed, the claim against the employer must also be dismissed). Here, in order to establish a violation by Local 264 of its duty of fair representation, Elkins must allege facts showing that its conduct was arbitrary, discriminatory, in bad faith or "so far outside a wide range of reasonableness" as to be irrational or arbitrary. ALPA v. O'Neill, 499 U.S. 65, 67 (1991) (internal quotations omitted). "This wide range of reasonableness gives the union room to make discretionary decisions and choices, even if those judgments are ultimately wrong." Marquez v. Screen Actors Guild, 525 U.S. 33, 44 (1998) (internal quotations omitted).

Mere negligence cannot rise to the level of misconduct necessary to support an action for violation of the duty of fair representation. See MacKnight v. Leonard Morse Hospital, 828 F.2d 48, 51 (1st Cir. 1987). Even gross negligence in prosecuting a grievance is not a breach of the duty of fair representation where there is no indication that the union acted in bad faith. See NLRB v. Local 139, 796 F.2d 985, 993 (7th Cir. 1986) (citing Dober v. Roadway Express, Inc., 707 F.2d 292, 294-95 (7th Cir. 1983)).

For the reasons presented in the union's motion to dismiss, which are incorporated herein by reference, the allegations in the Complaint offer no specific facts which could support a claim that Local 264's handling of Elkins' grievance was discriminatory, in bad faith, or without any rational basis or explanation. The allegations merely demonstrate that Mr. Elkins disagreed with strategic decisions made by Attorney Creighton. They do not rise to the level of a breach of the duty of fair representation. Because Elkins has not and cannot establish that Local 264 breached its duty of fair representation to him, the Complaint should be dismissed as against SA.

5. **Elkins' Claim of Breach of Contract And Intentional Infliction of Emotional Distress Are Barred By Federal Law**

Counts IV and V of Plaintiffs' Complaint should also be dismissed for the separate and independent reasons that they are state law claims that are preempted by federal law, and because they are claims that were decided at a final, binding arbitration. It is clear that state law claims founded on rights in the collective bargaining agreement or dependent on the collective bargaining agreement are preempted. See Vargas v. Geologistics Americas Inc., 284 F.3d 232, 234 (1st Cir. 2002) (holding that state laws claims founded on rights in collective bargaining agreement or dependent upon analysis of collective bargaining agreement are preempted). Here, Elkins' filed a grievance under the collective bargaining agreement based on the termination of his employment. Complaint at ¶ 26, 27. As a result, his claims in Count IV and Count V of the Complaint should be dismissed because they are founded on rights or require interpretation of the collective bargaining agreement.

In addition, it is clear that claims that are taken to an arbitration and decided at arbitration based on the collective bargaining agreement are barred. See Sear v. Cadillac Automobile Company of Boston, 501 F.Supp. 1350 (D.Mass. 1980) (holding that breach of contract claim against employer barred because claims decided at a binding arbitration pursuant to collective bargaining agreement). Elkins' allegations that the termination of his employment was a violation of the collective bargaining agreement and that SA intended to inflict emotional distress upon him relating to his termination are the same claims that were brought to arbitration. Complaint at ¶ 27, 62, 64. Because these claims were decided at a final, binding arbitration, they are now barred. See id.

Moreover, Elkins' claims are also barred because they are preempted by his DFR claim. See BIW Deceived v. Local S6, 132 F.3d 824, 830 (1st Cir. 1997) (holding that "state law is

preempted whenever a plaintiff's claim invokes the rights derived from a union's duty of fair representation"). Here, Elkins' claims of breach of contract/wrongful termination and intentional infliction of emotional distress are brought in conjunction with his DFR claim against the union. Each of these claims, therefore, are also based on the rights derived from the union's duty of fair representation and, therefore, are preempted by that claim. See id.

6. **Plaintiff's Claim of Intentional Infliction Of Emotional Distress Is Barred By The Exclusivity Provision of the Workers' Compensation Act**

In Count V of his Complaint, Elkins' claims that alleged actions by SA amounted to intentional infliction of emotional distress. Such a claim is clearly barred under the Massachusetts Workers' Compensation Act, G.L. c. 152, sec. 24.[2] The Supreme Judicial Court for the Commonwealth of Massachusetts has conclusively held that, because a claim for emotional distress is a compensable injury under the Act, an employee cannot maintain a common law claim for such injury. See Anzalone v. MBTA, 403 Mass. 119, 124-25 (1988) (intentional infliction of emotional distress claim is barred by the exclusivity provision of the Workers' Compensation Act); Simmons v. Merchants Mut. Ins. Co., 394 Mass. 1007, 1008 (1985)(same). See also Rogers v. Nstar Electric, 2005 U.S. Dist. LEXIS 20898 at *20 (D. Mass. 2005) (same). Here, Elkins asserts a claim of intentional infliction of emotional distress against SA. Because Elkins was an employee of SA, his claim is barred by the Massachusetts Workers' Compensation statute.

---

[2] G.L. c. 152, sec. 24 provides in pertinent part:

An employee shall be held to have waived his right of action at common law or under the law of any other jurisdiction in respect to an injury that is compensable under this chapter, to recover damages for personal injuries, if he shall not have given his employer, at the time of his contract of hire, written notice that he claimed such a right.

Moreover, the statute expressly provides that "such action which is the intentional infliction of emotional harm shall be deemed to be a personal injury within the meaning of this chapter." G.L. c. 152, sec. 1(7A).

7.  **Martha Elkins' Loss of Consortium Claim Fails Because Her Husband's Claims Fail**

It is well settled that a loss of consortium is a derivative claim of the underlying claim with which it is brought. See Zimmerman v. Direct Fed. Credit Union, 262 F.3d 70, 74, n. 2 (1st Cir. 2001); Breton v. Travelers Ins. Co., 147 F.3d 58, 59, n. 2 (1st Cir. 1998). Here, Elkins' wife's claim for loss of consortium is derivative of her husband's claims. Because Elkins fails to make out viable claims, his wife's claim also fails.

## CONCLUSION

For the reasons stated above, Defendant Shuttle America requests that this Court dismiss Plaintiffs' Complaint as against it.

Respectfully submitted,

SHUTTLE AMERICA,

By its attorneys,

/s/ Richard W. Paterniti
Thomas Royall Smith, BBO#470300
Richard W. Paterniti, BBO#645170
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA  02110
(617) 367-0025

Dated: October 19, 2005