FILED
IN CLERKS OFFICE
2005 OCT 19 P 2: 51
U.S. DISTRICT COURT
DISTRICT OF MASS.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSCHUSETTS

| | |
|---|---|
| D. Lyle Elkins, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> Teamsters Local 264, et al., ) <br> ) <br> Defendants. ) | Case No. 05-11130 (NMG) |

## DECLARATION OF RONALD G. LUCAS

Ronald G. Lucas does hereby declare:

1. I am the President of Teamsters Local 264. Local 264 maintains offices in Cheektowaga, N.Y. and Falconer, N.Y. and have personal knowledge of the facts set forth in this declaration.

2. The jurisdiction of Local 264 is defined by the charter issued to it by the International Brotherhood of Teamsters as encompassing the City of Buffalo, New York and Western New York.

3. None of Local 264's members reside in the Commonwealth of Massachusetts. Plaintiff Lyle Elkins was not a member of Local 264.

4. Local 264 does not own property, either real or personal, in the Commonwealth of Massachusetts.

5. Local 264 served as the designated agent of the International Brotherhood of Teamsters, Airline Division, to provide contract

administration and day-to-day representation to the pilots of Shuttle America, Inc.

6. Shuttle America is headquartered in Fort Wayne, IN.

7. While Local 264 performed its representative functions on behalf of Shuttle America pilots at locations outside of New York (such as conducting system board of adjustment hearings in Fort Wayne, IN), none of the Local's representative functions occurred in the Commonwealth of Massachusetts.

8. Local 264 has not conducted business in the Commonwealth of Massachusetts, either in person, by mail, or by telephone.

9. The Local 264 does not maintain business relationships with any persons located in the Commonwealth of Massachusetts.

10. The arbitration hearing conducted on the grievance, which is the subject of the instant lawsuit occurred in Pittsburgh, PA.

11. The preparation for the arbitration occurred in New York and Pennsylvania.

12. None of the Local's representation of Mr. Elkins, either in the grievance underlying the instant dispute or more generally in administering the contract on behalf of Shuttle America pilots, occurred in the Commonwealth of Massachusetts. The Local did not maintain contacts with Mr. Elkins in the Commonwealth of Massachusetts in performing its representation of him as a pilot employed by Shuttle America.

Pursuant to 28 U.S.C. § 1746, I hereby declare, under penalty of perjury, that the foregoing is true.

*Ronald G. Lucas*
Ronald G. Lucas