UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 05-11130-NMG

---

D. LYLE ELKINS AND MARTHA ELKINS
Plaintiffs

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 264, CATHERINE CREIGHTON
AND SHUTTLE AMERICA
Defendants

---

**OPPOSITION OF PLAINTIFFS TO MOTION TO DISMISS OF DEFENDANT SHUTTLE AMERICA**

Plaintiffs D. Lyle Elkins and Martha Elkins, though counsel, hereby oppose the Motion of Shuttle America to Dismiss the Complaint in this action.

**INTRODUCTION**

This is an action in which a former employee of Shuttle America (an airline) has sued his union (Local 264) and its agent (Ms. Creighton) for breach of the union's duty of fair representation. The employer, Shuttle America, is named both as a necessary party and so that other claims may be asserted against it. Plaintiff's wife has asserted a claim for loss of consortium.

The three defendants in this action, Local 264 of the Teamsters, Ms. Creighton and Shuttle America, have all filed motions to dismiss the claims against them. Many of the grounds for dismissal are virtually identical. Specifically, Local 264 and Ms. Creighton assert that the Court lacks personal jurisdiction over them, all three defendants claim that

1

the state claims asserted by Mr. Elkins are pre-empted by federal law, and Local 264 and Shuttle America both claim that Mr. Elkins has failed to assert adequate facts regarding a breach of the union's duty of fair representation to survive a motion to dismiss.

Additionally, Ms. Creighton asserts that certain of her actions were privileged, and Shuttle America claims that Mr. Elkins has to allege "collusion" between itself and the union in order to survive a motion to dismiss. Finally, Shuttle America also asserts that one of the state claims is barred by the Massachusetts Workers Compensation Statute.

Plaintiffs' arguments regarding this Court having subject matter jurisdiction, the union's actions indeed constituting a breach of the duty of fair representation, the state claims not being pre-empted, and the intentional infliction of emotional distress claim being adequate are all dealt with in Plaintiffs' Opposition to the Motion to Dismiss of Local 264.

Accordingly, for the convenience of the Court and so as to not place repetitive material in the record, those arguments are not repeated in depth in this brief. Rather, those arguments from Plaintiffs' other Opposition are incorporated by reference herein. To the extent Plaintiffs' arguments on these issues require modification in order to apply to this particular defendant, the modifications are noted.

Similarly and for the same reasons, Plaintiffs do not repeat in this brief their statements of "Relevant Law" or "Factual Background" which are contained in the Opposition to Local 264's Motion to Dismiss. Rather, those statements are incorporated by reference herein. To the extent that Plaintiffs believe that any additional facts or law must be brought to the

Court's attention, that is duly noted in this brief.

**ARGUMENT**

1. Plaintiff's Have Adequately Alleged "Collusion"

Defendant Shuttle America claims in its Motion to Dismiss that Plaintiffs have not adequately alleged that Shuttle America and Local 264 "colluded" to deprive Mr. Elkins of his rights, in order to state a valid claim for breach of the duty of fair representation. Shuttle America asserts that without either an allegation of collusion or the presentation of facts "that can be construed or characterized as supporting such an allegation," the claims of breach of the duty of fair representation must be dismissed. Shuttle America Brief at page 5.

Initially, Plaintiffs deny that they are required to plead "collusion" between Shuttle America and Local 264.

The only cases cited by Shuttle America for this unique proposition are from the Seventh Circuit, the Eighth Circuit and the Eastern District of Virginia. Shuttle America has not cited any cases on this issue from either the First Circuit or the District of Massachusetts, or for that matter, any other courts. Plaintiff is not aware of any other court decisions which would support this proposition.

Due to the narrow scope of the Railway Labor Act under which this claim has been filed, and the narrower still area of the union duty of fair representation under the Railway Labor Act, Plaintiff asserts that the proper standard to be used in this case is that utilized

3

in duty of fair representation cases governed by the National Labor Relations Act.

Specifically, as is the case with wrongful terminations governed by the National Labor Relations Act, an employer is a proper party to a "termination in breach of contract" suit, in order to make the employee whole. As with other issues presented by the Railway Labor Act when there are no precedential cases directly on point, analogy to the National Labor Relations Act is appropriate. Neither the National Labor Relations Act nor the caselaw under that law dealing with the duty of fair representation, requires a plaintiff to allege or prove "collusion" between an employer and a union to prove a breach of the duty of fair representation. No such requirement should be read into this case, based solely upon two decisions from other circuits which are not directly on point.

This is a duty of fair representation case in which Plaintiff questions the termination of his employment, alleges that the employer wrongfully terminated his employment, and further alleges that if not for the union's breach of its duty of fair representation to the employee, the termination would have been overturned in arbitration. In such a situation, in order for Mr. Elkins to be made whole if he proves a breach of the duty of fair representation, he would have to be reinstated to his job with Shuttle America. The only way Mr. Elkins could be reinstated to his position with Shuttle America would be if Shuttle America is a party to this litigation. For the purposes of this case, Shuttle America is a necessary party to this litigation. For that reason also, Shuttle America should not be dismissed from this case, whether or not it "colluded" with Local 246.

Finally, there have indeed been facts alleged in the complaint which can be "construed or characterized" as alleging collusion between Shuttle America and Local 246.

4

Specifically, Mr. Elkins has alleged in the complaint that he was unable to attend flight school for medical reasons. His union representative at the time, Attorney Giroux, was aware of this reason for Mr. Elkins not attending the flight school, and transmitted that information to Shuttle America.

Mr. Elkins wanted his "medical excuse" to be presented at the arbitration as the reason for not attending the flight training, and also wanted to present the fact that Shuttle America fired him for not attending the training despite having advance knowledge of Mr. Elkins' "medical excuse." Presentation of the "medical excuse" issue would have raised issues not only of violation of the collective bargaining agreement by Shuttle America in firing Mr. Elkins, but also possible issues of real or perceived disability discrimination in violation of MGL Chapter 151B, and violation of the Family and Medical Leave Act.

Despite Mr. Elkins' wishes, the "medical excuse" was not raised by Attorney Creighton, at all. Most importantly regarding the "collusion" issue, the "medical leave" defense was dropped in its entirety in the middle of the arbitration hearing, after Ms. Creighton had an "off the record" discussion with the arbitrator and the attorney representing Shuttle America, outside the presence of Mr. Elkins. After she had this "secret" discussion out of the hearing of Mr. Elkins, Ms. Creighton pressured Mr. Elkins (who was in a weakened mental state) to agree to drop his "medical excuse," which he did. Ms. Creighton accomplished this by forcefully informing Mr. Elkins **that if he did not agree to drop the claim the arbitrator would allow opposing counsel to testify.**

5

This unusual behavior by Ms. Creighton (conducting an off the record discussion with the fact-finder and opposing counsel out of the presence of her client, and then pressuring her client to drop a crucial claim on threat of the outlandish circumstance of opposing counsel being allowed to testify), has the specter of collusion behind it, as Ms. Creighton herself did not want Mr. Elkins to continue with the medical excuse defense.

As is discussed in detail in that part of Plaintiffs' Opposition to the Motion to Dismiss of Local 264 dealing with why the duty of fair representation was breached by Ms. Creighton in this case (Plaintiffs' Opposition to Motion to Dismiss of Local 264 at 15-18), Ms. Creighton did not want to have to call her partner Mr. Giroux as a witness in this action.

If she were to acknowledge that Mr. Giroux had to be called as a witness, Ms. Creighton would be placed in the ethically untenable situation of having to call her partner as a witness, to cross-examine her partner regarding his dislike of Mr. Elkins, his conflict of interest regarding Mr. Elkins, and the Bar complaints filed by Mr. Elkins against Mr. Giroux. In having to elicit such testimony, Ms. Creighton would essentially be acknowledging that she had committed ethical violations by agreeing to represent Mr. Elkins and not withdrawing from that representation (knowing that her law partner might be a witness and that her partner had a conflict of interest with Mr. Elkins).

The way for Ms. Creighton to avoid this situation was to refuse to call Attorney Giroux as a witness. The only was to do that, in light of the arbitrator's position on the issue, was to get Mr. Elkins to agree to drop his "medical excuse" and related defenses.

6

It was also in the interest of Shuttle America to avoid having Mr. Giroux testify, and to avoid the "medical excuse" issues. By not having Mr. Giroux testify, there would be less evidence that Shuttle America indeed knew of the medical reason for Mr. Elkins not being present for the training. By avoiding the "medical excuse" and related defenses, there was a greater likelihood that the arbitrator would rule in favor of Shuttle America. In light of these parallel goals of Shuttle America and Ms. Creighton (on behalf of Local 264), the "closed door, off the record" meeting and its aftermath certainly can reasonably be inferred to provide evidence of collusion between Shuttle America and Local 264 to deny adequate representation to Mr. Elkins at the arbitration.

To the extent that adequate allegations of collusion between Local 264 and Shuttle America must be advanced by Plaintiff, such allegations are set forth in the complaint.[1]

2. Local 264 Breached the Duty of Fair Representation Owed to Mr. Elkins

Shuttle America argues that it can only be held liable in this action if the Court finds that Local 264 has breached its duty of fair representation owed to Mr. Elkins. Shuttle America then proceeds to argue that Local 264 did not breach its duty of fair representation owed to Mr. Elkins. Shuttle America is incorrect.

In their Opposition to the Motion to Dismiss of Local 264 at 6, 10-11 and 15-18, Plaintiffs explain in detail the law regarding the duty of fair representation owed to Mr. Elkins by Local 264. the facts of this case relevant to the breach of that duty of fair

---

[1] Shuttle America has also claimed that Mr. Elkins has not pleaded his allegations of breach of the duty of fair representation with an adequate degree of specificity. That claim is without any basis. The allegations of breach of the duty of fair representation are set forth in the complaint with specificity at paragraphs 43-45.

7

representation, and the application of the law to those facts which shows that Plaintiff has adequately alleged a breach of the duty of fair representation against Local 264. The law, facts and application of law to facts discussed in that brief apply to the argument being made by Shuttle America as well. Those arguments are incorporated by reference in this brief.

In summary, as is discussed in detail at pages 15-18 of Plaintiffs' Opposition to the Motion to Dismiss of Local 264, Ms. Creighton's actions in representing Mr. Elkins were those of an attorney who desired to hide ethical violations, and who had malice toward the person she was representing. Ms. Creighton's actions on behalf of Local 264 in representing Mr. Elkins were clearly perfunctory, arbitrary, in bad faith, and in breach of the duty of fair representation owed to Mr. Elkins.

Plaintiff has adequately alleged a breach of the duty of fair representation in the complaint.[2]

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Motion of Shuttle America to Dismiss this action be denied.

---

[2] In their complaint, Plaintiffs have asserted state law claims for negligent and intentional infliction of emotional distress against Shuttle America. Shuttle America has moved to dismiss those claims on the grounds that they are pre-empted by federal law, and additionally that they are barred by the Massachusetts Workers Compensation Statute. Whether or not the claims for negligent and intentional infliction are pre-empted, Plaintiffs acknowledge that as to Shuttle America, these claims are barred by the Massachusetts Workers Compensation Statute, and Plaintiffs do not oppose their dismissal.

Respectfully submitted,
D. LYLE ELKINS and MARTHA ELKINS
By their Attorney,

_____
Mitchell J. Notis, BBO # 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
DATED: November 22, 2005    Tel.: (617) 566-2700

## CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that on ___11/23/05___ caused to be served upon counsel for all parties of record, a copy of the within Plaintiff's Opposition to Defendant's Motion to Dismiss by mailing the same by first class mail, postage prepaid.

_____
Mitchell J. Notis