UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 05-11130-NMG

---

D. LYLE ELKINS AND MARTHA ELKINS
Plaintiffs

v.

INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 264, CATHERINE CREIGHTON
AND SHUTTLE AMERICA
Defendants

---

## OPPOSITION OF PLAINTIFFS TO MOTION TO DISMISS OF DEFENDANT CATHERINE CREIGHTON

Plaintiffs D. Lyle Elkins and Martha Elkins, though counsel, hereby oppose the Motion of Catherine Creighton ("Creighton") to Dismiss the Complaint in this action.

**INTRODUCTION**

This is an action in which a former employee of Shuttle America (an airline) has sued his union (Local 264) and its agent (Ms. Creighton) for breach of the union's duty of fair representation. The employer, Shuttle America, is named both as a necessary party and so that other claims may be asserted against it. Plaintiff's wife has asserted a claim for loss of consortium.

The three defendants in this action, Local 264 of the Teamsters, Ms. Creighton and Shuttle America, have all filed motions to dismiss the claims against them. Many of the grounds for dismissal are virtually identical. Specifically, Local 264 and Ms. Creighton assert that the Court lacks personal jurisdiction over them, all three defendants claim that

1

the state claims asserted by Mr. Elkins are pre-empted by federal law, and Local 264 and Shuttle America both claim that Mr. Elkins has failed to assert adequate facts regarding a breach of the union's duty of fair representation to survive a motion to dismiss.

Additionally, Ms. Creighton asserts that certain of her actions were privileged, and Shuttle America claims that Mr. Elkins has to allege "collusion" between itself and the union in order to survive a motion to dismiss. Finally, Shuttle America also asserts that one of the state claims is barred by the Massachusetts Workers Compensation Statute..

Plaintiffs' arguments regarding this Court having subject matter jurisdiction, the union's actions indeed constituting a breach of the duty of fair representation, the state claims not being pre-empted, and the intentional infliction of emotional distress claim being adequate are all dealt with in Plaintiffs' Opposition to the Motion to Dismiss of Local 264.

Accordingly, for the convenience of the Court and so as to not place repetitive material in the record, those arguments are not repeated in depth in this brief. Rather, those arguments from Plaintiffs' other Opposition are incorporated by reference herein. To the extent Plaintiffs' arguments on these issues require modification in order to apply to this particular defendant, the modifications are noted.

Similarly and for the same reasons, Plaintiffs do not repeat in this brief their statements of "Relevant Law" or "Factual Background" which are contained in the Opposition to Local 264's Motion to Dismiss. Rather, those statements are incorporated by reference herein. To the extent that Plaintiffs believe that any additional facts or law must be brought to the

Court's attention, that is duly noted in this brief.

**ARGUMENT**

1. The Court Has Personal Jurisdiction Over Ms. Creighton

In relation to her representation of Mr. Elkins, and her interactions with Mr. Elkins, Ms. Creighton was acting as the agent of Local 264. Accordingly, the Court should have personal jurisdiction over Ms. Creighton to the same extent that it has jurisdiction over Local 264. Additionally, the contacts of Local 264 with Massachusetts which give the Court jurisdiction over Local 264, bind Ms. Creighton as well.

In their Opposition to the Motion to Dismiss of Local 264 at 3-6, 7-10 and 11-15, Plaintiffs explain in detail the law regarding this Court's exercise of personal jurisdiction over Local 264, the facts of this case relevant to the exercise of that jurisdiction, and the application of the law to those facts which makes the exercise of personal jurisdiction over Local 264 appropriate. The law, facts and application of law to facts discussed in that brief applies to Ms. Creighton as well. Those arguments are incorporated by reference in this brief.

In representing Mr. Elkins on behalf of Local 264, Ms. Creighton was acting on behalf of a labor union which did business in Massachusetts. She was representing an individual the union had representational obligations to who lived in Massachusetts and worked out of Massachusetts. She had contact with this individual in Massachusetts by mail and by phone. See Elkins Affidavit attached to Opposition to Motion to Dismiss of Local 264 at

3

par. 72. Ms. Creighton caused tortious injury in Massachusetts by actions outside of Massachusetts.

When her own contacts with Mr. Elkins are viewed in light of the contacts Local 264 had with Massachusetts and with Mr. Elkins, it is evident that it is appropriate and constitutional for the Court to assert personal jurisdiction over Ms. Creighton.

2. The Claims Against Ms. Creighton Are Not Subject to Pre-Emption

In her Motion to dismiss, Ms. Creighton claims that Plaintiffs' state law claims are pre-empted by their federal right to pursue breach of duty of fair representation claims. She is wrong.

At pages 18-19 of their Opposition to the Motion to Dismiss of Local 264, Plaintiffs explain why their state law claims regarding the actions of Local 264 (in other words, the actions of Ms. Creighton for which Local 264 is responsible) are outside the scope of federal pre-emption. The argument regarding why the state law claims against Local 264 are not pre-empted applies with equal force to Ms. Creighton. Those arguments are incorporated by reference in this brief.

As part of her "pre-emption" argument, Ms. Creighton also claims that her actions towards Mr. Elkins were not "outrageous," and therefore she asserts that Mr. Elkins has not set forth an adequate claim for intentional infliction of emotional distress. At pages 19-20 of their Opposition to the Motion to Dismiss of Local 264, Plaintiffs explain why Ms. Creighton's actions towards Mr. Elkins were indeed "outrageous," and therefore why they have adequately set forth a claim for intentional infliction of emotional distress. Those arguments are incorporated by reference in this brief.

4

As a final grounds for asserting that the state law claims are pre-empted, Ms. Creighton has claimed that her conduct was "privileged" as an attorney.

Ms. Creighton's argument both misconstrues the "privilege" afforded an attorney to make statements related to litigation, and confuses her role in representing Mr. Elkins.

In relation to the questioned conduct of Ms. Creighton toward Mr. Elkins, Ms. Creighton was not making statements in, or related to, a court proceeding or other litigation. She was involved in a personal attack against Mr. Elkins knowing his fragile mental state. She did this not in relation to any litigation, but due to hostility against Mr. Elkins for having filed complaints with the New York Bar against her partner Mr. Giroux.[1] Ms. Creighton must not be allowed to abuse any privilege which may attach to her statements, In order to further her malice against Mr. Elkins.

More importantly, in terms of her representation of Mr. Elkins, Ms. Creighton was not acting as an attorney, but as a union representative. Her actionable statements as a union representative must not be accorded a shield of privilege simply because she also happens to be an attorney.[2]

---

[1] For a full discussion of Ms. Creighton's badwill and malice toward Mr. Elkins, the Court is referred to Plaintiffs' Opposition to Local 264's Motion to Dismiss at 15-18.

[2] To the extent the Court may agree with Defendant that her statements were privileged due to her status as an attorney (despite her acting in the role of a union representative), Plaintiffs request that the Court rule as a matter of law that Ms. Creighton may be sued for professional negligence for any actions towards Mr. Elkins which were inappropriate. Ms. Creighton must not be allowed to use her status as an attorney as a shield without suffering the responsibilities that status also entails.

5

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Motion of Catherine Creighton to Dismiss this action be denied.

Respectfully submitted,
D. LYLE ELKINS and MARTHA ELKINS
By their Attorney,

_____
Mitchell J. Notis, BBO #374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

DATED: November 22, 2005

## CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that on ___11/23/05___ I caused to be served upon counsel for all parties of record, a copy of the within Plaintiff's Opposition to Defendant's Motion to Dismiss by mailing the same by first class mail, postage prepaid.

_____
Mitchell J. Notis