UNITED STATES DISTRICT COURT
DISTRICT OF MASSACUSETTS

| | |
|---|---|
| D. LYLE ELKINS, AND<br>MARTHA ELKINS,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS LOCAL 264,<br>CATHERINE CREIGHTON<br>AND SHUTTLE AMERICA,<br><br>Defendants. | CASE NO: 05-11130--NMG<br>(referred to Magistrate Judge Judith Dein) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT SHUTTLE AMERICA'S MOTION TO DISMISS

Defendant, Shuttle America ("SA"), submits this Reply Memorandum to respond to the Opposition of Plaintiffs Lyle and Martha Elkins to the Motion to Dismiss of Defendant Shuttle America ("SA").

On or about October 19, 2005, SA, and the other Defendants in this case, moved to dismiss Plaintiffs' Complaint. On or about November 23, 2005, Plaintiffs filed their oppositions to those motions. In their opposition to Shuttle America's Motion To Dismiss, Plaintiffs only oppose SA's motion to dismiss the breach of contract claim (Count IV) and the loss of consortium claim (Count IX).[1] Because Plaintiff's opposition reflects a misapprehension of the

---

[1] Plaintiffs do not oppose Defendant SA's motion to dismiss the claim for intentional infliction of emotional distress (Count V) of the Complaint. See Opposition of Plaintiffs to Motion To Dismiss of Defendant Shuttle America at n. 2. Plaintiffs state that they do not oppose the dismissal of the claim for negligent infliction of emotional distress. Contrary to this suggestion, no such claim has been brought. Regardless, any claim for intentional (or negligent) infliction of emotional distress, which includes Count V of the Complaint, should be dismissed.

controlling legal principles, and a mischaracterization of the allegations, SA submits this memorandum in reply to Plaintiff's opposition and in further support of its motion to dismiss.[2]

## I. PLAINTIFFS FAILED TO SUFFICIENTLY PROVE OR ALLEGE COLLUSION

Contrary to Plaintiffs' unsupported contention in their opposition, they are required to plead collusion between SA and Local 264 to state a claim of breach of contract in this DFR case. Because they have failed to sufficiently allege collusion in this case, Plaintiffs' Complaint against Defendant SA should be dismissed.

### A. BECAUSE PLAINTIFFS' HAVE NO INDEPENDENT CAUSE OF ACTION AGAINST SA, THEY MUST ALLEGE THE COMPANY COLLUDED WITH THE UNION IN THE ALLEGED BREACH OF THE DUTY OF FAIR REPRESENTATION

Plaintiffs assert that the National Labor Relations Act ("NLRA") should govern this DFR claim, despite the fact that the case is brought under the Railway Labor Act ("RLA"), and that the NLRA does not apply to common carriers covered under the RLA. See Complaint at ¶ 1 and 29 U.S.C. §152(2) (defining "employer" under the Labor Management Relations Act ("LMRA") as not including persons subject to the RLA). Plaintiffs do not dispute that the claim is brought under the RLA and that the RLA applies to this case, but they assert that the RLA is narrow in scope and, therefore, the NLRA should be applied to this DFR case. They then assert that, under the NLRA, collusion need not be alleged. Their arguments are without merit.

Courts have explained the distinctions between the RLA and NLRA as they relate to DFR claims. While the duty of fair representation under the RLA is analogous to the duty owed by a union under the LMRA that would be the subject of a "hybrid" claim for breach of DFR against

---

[2] SA incorporates by reference Local 264's Motion to Dismiss and its reply memorandum as it relates to the misapplication of the controlling legal principles relating to the claim against that union for breach of the duty of fair representation. As explained in Shuttle America's Motion to Dismiss, Plaintiffs failed to state a claim against SA because, among other things, Plaintiffs failed to state a claim against the union for a breach of the duty of fair

the union, and violation of § 301 of the LMRA against the employer, a DFR claim under the RLA is not identical to that cause of action. See United Indep. Flight Officers v. United Airlines, 756 F.2d 1274, 1283 (7th Cir. 1985). Under Section 301, which does not apply to air carriers or other employers subject to the RLA, an action for violation of the LMRA is distinct from the DFR claim. Id. Under the RLA, on the other hand, the jurisdiction of federal courts over employers in DFR claims is predicated on a dispute being one "between [an employee] on the one hand and the union and management together on the other, not one 'between an employee…and [an employer].'" Glover v. St. Louis-San Francisco Railway Co., 393 U.S. 324, 329 (1969); Raus v. Brotherhood Ry. Carmen, 663 F.2d 791, 797-98 (8th Cir. 1981). In other words, in a DFR case, an employee cannot bring a direct claim against his employer because the claim against the employer is derivative of the DFR claim against the union. See Plumley v. Southern Container, 303 F.3d 364, 374-75 (1st Cir. 2002) (employee may bring a claim against an employer only if he can prove a DFR claim against a union); United Indep. Flight Officers v. United Air Lines, Inc., 756 F.2d at 1283 (holding that if RLA-based DFR claim against the union is dismissed, the claim against the employer must also be dismissed).

Under the RLA, the employee must allege more than just a breach of the agreement, which would constitute merely a "minor dispute" (a dispute where the contested action is arguably justified by the collective bargaining agreement) and would be preempted by the RLA. See Lauletta v. Teamsters Local 732, 152 L.R.R.M. 2377 (E.D.Pa. 1996). To state a claim under the RLA, federal courts require that an employee allege collusion, or some nexus akin to collusion, between the union and the employer to deprive him of his rights. See, e.g., Dement v. Richmond, Fredericksburg & Potomac R.R., 845 F.2d 451, 457, 464 n.21 (4th Cir. 1988); United

---

representation, and, in order to prove a claim of breach of contract against SA, Plaintiffs must establish a DFR claim against the union.

Indep. Flight Officers v. United Airlines, 756 F.2d 1274, 1283 (7th Cir. 1985); Sisco v. Consolidated Rail Corp., 732 F.2d 1188, 1190-91 (3rd Cir. 1984); Raus v. Brotherhood Ry. Carmen, 663 F.2d 791, 797-98 (8th Cir. 1981); Robinson v. Public Law Board No. 5914, 63 F. Supp. 2d 1266, 1270-71 (D.Colo. 1999) (citing Richins v. Southern Pacific Co., 620 F.2d 761 (10th Cir. 1980); Bishop v. Air Line Pilots Ass'n, 159 L.R.R.M. 2005 (N.D. Ca. 1998); Ryan v. BRAC, 141 L.R.R.M. 2361 (N.D.Ohio 1992); Turpen v. Missouri-Kansas-Texas R.R. Co., 573 F. Supp. 820, 821-22 (D.Tex. 1983), aff'd, 736 F.2d 1022 (5th Cir. 1984) .[3]

## B.   PLAINTIFFS HAVE NOT SUFFICIENTLY PLED COLLUSION

In a desperate attempt to salvage their claims against SA, Plaintiffs allege that their Complaint can be reasonably interpreted to have adequately alleged collusion. Plaintiffs contend that Attorney Creighton's off-the-record discussion during the arbitration with the arbitrator and the attorney representing SA "has the specter of collusion behind it" because Creighton allegedly pressured Plaintiff to drop his medical excuse argument after this discussion. See Opposition of Plaintiffs' to Defendant Shuttle America's Motion to Dismiss at p. 6. Significantly, Plaintiff has not alleged a single fact to demonstrate that SA, directly or indirectly, affected Creighton's conduct. See Complaint at ¶ 45. Plaintiff has not alleged that SA or its attorney even spoke during the meeting in question. Indeed, in her opposition, Plaintiffs merely recite the alleged misconduct of Attorney Creighton, without referencing any specific conduct by SA, other than SA's attorney's presence during a discussion with the arbitrator and Creighton. See Opposition at pp. 4-7.

---

[3] Plaintiffs also argue that SA is a necessary party to this DFR action, but they provide no authority for this argument. As explained above, the claim against SA is derivative of the claim against the union and, therefore, SA is not a necessary party. See Carroll v. Brotherhood of R.R. Trainment, 417 F.2d 1025, 1027 (1st Cir. 1969), cert. denied, 397 U.S. 1039 (1970) (holding that the employer is not an indispensable party to DFR case under RLA and permitting joinder only if employee can demonstrate a right of relief against employer from events in question). Plaintiffs' contention that SA should remain as a party, whether or not they can show collusion, is inconsistent with the case law cited in this memorandum. Moreover, Plaintiffs provide no authority for this contention.

Moreover, Plaintiffs' contention that this off-the-record discussion somehow involved collusion is inconsistent with the Complaint. In their Complaint, Plaintiffs, in describing the alleged actions of Creighton during the arbitration, explain that she "engag[ed] in an off the record conversation with the arbitrator and opposing counsel out of the presence of Mr. Elkins after which [Creighton] forced Mr. Elkins to drop his claim that he could not attend the training for medical reasons, on threat by the arbitrator to allow counsel for Shuttle America who was conducting the hearing for Shuttle America, to testify at the hearing (which would have required attorney Creighton to call her partner attorney Giroux as a witness)." Complaint at ¶ 43. Plaintiffs do not allege that SA contributed in any way to Creighton's alleged misconduct. Indeed, this allegation does not even remotely imply that SA colluded with the union.

In addition, Plaintiffs' arguments in their opposition to Defendant Local 264's Motion to Dismiss contradict the contention that they have sufficiently alleged collusion between SA and the union, or Creighton. In that opposition, Plaintiffs argue that the conduct of Creighton at the hearing was due "to either bad will toward Mr. Elkins or Ms. Creighton's own self-interest," "so she would not have to withdraw from the case and would not be in a position of having to call her law partner as a witness." See Opposition of Plaintiffs' To Motion to Dismiss of Teamsters Local 264 at p. 3 and 17. Plaintiffs also contend in that opposition that Creighton pressured Plaintiff to drop his medical excuse argument based "on a threat by the arbitrator to allow counsel who was conducting the hearing for Shuttle America, to testify, which would have required Attorney Creighton to call her partner, Attorney Giroux, as a witness." Id. at p. 11. It is clearly inconsistent for Plaintiffs to allege that SA colluded with Creighton with respect to her representation of Plaintiff, and then allege that Creighton acted only in her self-interest, not in the interest of SA, or that the arbitrator forced Ms. Creighton to act as she did.

As explained above, to show collusion in a DFR case, Plaintiff must allege that SA somehow acted inappropriately. Plaintiffs, however, have not alleged any specific facts supporting their claim. Even if Plaintiffs' Complaint is somehow found to have alleged collusion as the basis of their breach of contract claim, Plaintiffs have not made these allegations with sufficient specificity. See <u>Washington v. Chicago & N.W. Transportation Co.</u>, 1992 U.S. Dist. LEXIS 19449 at *5 (N.D. Ill. 1992) ("Courts seeking to conduct a substantive review of a union's conduct must do so in a 'highly deferential' manner. Given this high degree of judicial deference, a plaintiff who alleges breach of duty of fair representation must do so with a fair measure of specificity.") (internal citations omitted). See also <u>Maisonet v. Trailer and Marine Transport, Inc.</u>, 514 F. Supp. 1129, 1133 (D.P.R. 1981) (holding that "[t]he bare allegation of the existence of a conspiracy, without more, is insufficient to state a cause of action"). Plaintiffs have merely alleged that SA's attorney was present during a discussion with the arbitrator and Creighton. Such an allegation is not sufficiently specific.

## II. CONCLUSION

For these reasons, and for the reasons stated in Defendant Shuttle America's Motion to Dismiss, Plaintiffs' Complaint should be dismissed in its entirety as against Defendant Shuttle America.

                                          Respectfully submitted,

                                          SHUTTLE AMERICA,

                                          By its attorneys,

                                          /s/ Richard W. Paterniti
                                          Thomas Royall Smith, BBO#470300
                                          Richard W. Paterniti, BBO#645170
                                          JACKSON LEWIS LLP
                                          75 Park Plaza
                                          Boston, MA  02110
                                          (617) 367-0025

DATED: December 22 , 2005