UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D. LYLE ELKINS<br>AND MARTHA ELKINS,<br>    Plaintiffs<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD<br>OF TEAMSTERS LOCAL 264,<br>CATHERINE CREIGHTON,<br>AND SHUTTLE AMERICA,<br>    Defendants | DOCKET NO: 05-11130NMG |

**CATHERINE CREIGHTON'S REPLY TO
PLAINTIFFS' OBJECTION TO MAGISTRATE'S REPORT**

Now comes defendant Catherine Creighton (hereinafter "Creighton"), and in reply to the Plaintiffs' Objections Pursuant to Rule 72(b) to Report and Recommendation of Magistrate on Defendants' Motions to Dismiss, p. 13 (hereinafter "Plaintiffs' Objection"), solely addressing the recommendations contained in the Report of Magistrate Judge Dein (the "Magistrate's Report") regarding the claims against Creighton, states as follows:

**I.      INTRODUCTION**

The plaintiffs, D. Lyle Elkins and Martha Elkins (collectively "Elkins"), have brought a complaint against, among others, attorney Catherine Creighton. The complaint arises from an employment dispute that D. Lyle Elkins had with his employer, Shuttle America ("Shuttle America"). A grievance was filed by co-defendant International Brotherhood of Teamsters Local 264 (the "Union") pursuant to its collective bargaining agreement with Shuttle America (the "CBA"). Creighton was retained by the Union to represent it in the grievance process, including an arbitration hearing.

1

In response to Elkins' complaint, Creighton (and the other defendants) filed motions to dismiss. Following a full briefing and oral argument, Magistrate Judge Dein correctly determined that Creighton is not subject to the jurisdiction of this Court, and that the claims asserted against her are barred as a union representative. Accordingly, Elkins' objections to the findings of Magistrate Judge Judith Dein in the Magistrate's Report are without merit, and the recommendation of Magistrate Judge Dein that the claims against Creighton be dismissed should be adopted.

II. **ARGUMENT**

A. **There is No Basis for Jurisdiction Over Creighton in Massachusetts.**

As noted in Creighton's Motion to Dismiss, in order for this Court to have personal jurisdiction over Creighton, the plaintiff must: (1) satisfy the requirements of the Massachusetts "long-arm" statute; and (2) meet the Constitutional requirements of personal jurisdiction imposed by the Due Process Clause in the Fourteenth Amendment. American Express Int'l v. Mendez-Capellan, 889 F.2d 1175, 1178 (1st Cir. 1989). However, as the Magistrate's Report confirms, Elkins could not satisfy either of those requirements.

In the Magistrate's Report, Magistrate Judge Dein presented an extensive analysis of all of the factors applicable to jurisdiction. That analysis started with the most basic jurisdictional tenet; whether **the defendant** has sufficient contacts with the forum state to satisfy the Massachusetts long-arm statute and due process under the Fourteenth Amendment. Sawtelle v. Farrell, 70 F.3d 1381, 1387 (1st Cir. 1995); Ticketmaster v. New York, 26 F.3d 201, 203 (1st Cir. 1994). As the Magistrate's Report sets forth in detail the undisputed facts, it is not necessary to repeat them here. But what those undisputed facts established was the absence of any meaningful contact with the Commonwealth as Creighton does not have any personal contacts

with Massachusetts, nor does she transact, regularly conduct, or solicit business in this Commonwealth. As such, Magistrate Judge Dein accurately found that Elkins could not establish general or specific jurisdiction over Creighton in Massachusetts.

Elkins sole argument for asserting jurisdiction despite the absence of any contacts between Creighton and Massachusetts is that because Creighton is the agent of the Union, the Union's contacts with the Commonwealth should be attributed to her. *See* Plaintiffs' Objection, p. 13. However, such an argument fails on two grounds. First, as a matter of Constitutional due process, jurisdiction over Creighton can only be based on **her** contacts with the Commonwealth, not those of her client.[1] Again, as Magistrate Judge Dein correctly found that Creighton has no personal or business contact with Massachusetts, she also correctly found that there is insufficient basis to exercise jurisdiction over her in Massachusetts. Second, even if Elkins' argument regarding attribution of the Union's contacts to Creighton were adopted, the result would not change. That is because Magistrate Judge Dein correctly found that there is also no jurisdiction over the Union in Massachusetts. Accordingly, the recommendation in the Magistrate's Report to dismiss the claims against Creighton due to lack of jurisdiction in Massachusetts must be adopted.

---

[1] If the plaintiffs' rationale were followed, then an attorney would automatically be subject to jurisdiction in any state where their clients transact business, regardless as to whether the attorney had any connection to that state, a result contrary to Constitutional due process.

3

B.  **Creighton Is Immune From Suit As a Union Representative**

Moreover, regardless as to where Elkins chooses to bring his claims against Creighton, such claims are precluded as a matter of law. Specifically, as Magistrate Judge Dein correctly held that at all relevant times to this action Creighton was an agent of the Union. As such, she is entitled to the immunity afforded to union representatives.[2]

In all of their papers in this action, Elkins has acknowledged that relative to the proceedings at issue, Creighton was serving as an agent of the Union. In the Complaint in this matter, Elkins identifies Creighton as the "union representative" and the "Local 264 representative." *See* Complaint at ¶¶38, 39. As Magistrate Judge Dein noted, Elkins confirmed this assertion in opposition to Creighton's Motion to Dismiss. *See* Magistrate's Report, p. 44. Elkins has now repeated this same position in their Objection to the Magistrate's Report, expressly stating that "In relation to the representation of Mr. Elkins, Creighton was acting on behalf of Local 264 (either as its attorney or as a union representative other than an attorney)." *See* Plaintiffs' Objection, p. 13. Elkins can take no other position, as the sole basis for their incorrect claim of jurisdiction over Creighton in Massachusetts is that she is a representative of the Union.

Similarly, this position has been repeatedly confirmed by the Union. For example, in its Memorandum of Law in Support of its Motion to Dismiss, the Union refers to Creighton as "the union attorney." Union's Memorandum of Law in Support of its Motion to Dismiss, p. 13. The Union goes so far as to expressly assert that "here there is no dispute that Ms. Creighton acted as

---

[2] Creighton notes that Magistrate Judge Dein did incorrectly indicate that Creighton did not argue in her papers that she was immune from suit as a Union representative. In fact, Creighton expressly raised that argument. Creighton's Memorandum of Law in Support of Motion to Dismiss, p. 10-11. In addition, rather than repeat materials contained in another party's brief, Creighton expressly adopted by reference the related arguments contained in the Union's Motion to Dismiss. Creighton's Memorandum of Law in Support of Motion to Dismiss, p. 10 note 1.

the union's agent in prosecuting Mr. Elkins' grievance before the system board…" Union's Memorandum of Law in Support of its Motion to Dismiss, p. 18, n. 7.

It is well accepted law that union representatives cannot be held personally liable to third parties for acts performed on the union's behalf in the collective bargaining process. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962). This immunity, known as the Atkinson rule, applies to claims "in contract or tort, or both, . . . or in a separate action for damages." Id. at 249. It applies even if representative's conduct is not authorized by the Union. Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 417 (1981). And, most notably for purposes of this action, it applies equally to outside attorneys who perform services for and on behalf of a union. Montplaisir v. Leighton, 875 F.2d 1, 4 (1st Cir. 1989), *citing* Peterson v. Kennedy, 771 F.2d 1244, 1256-57 (9th Cir. 1985), cert. denied, 475 U.S. 1122 (1986).

In this case, the acts complained of regarding Creighton all occurred in connection with her service as a representative of the Union in connection with an arbitration brought pursuant to a grievance under the CBA. Under those circumstances, whether or not Creighton is an attorney, she is immune from suit by Elkins. That is because regardless as to whether Creighton was acting as an attorney while representing the Union in the arbitration process, she is protected from suit so long as she is performing work for the Union within the context of the CBA. Montplaisir, 875 F.2d at 4, *citing* Peterson, 771 F.2d at 1258.

It is "well established that a grievance hearing is part of the collective bargaining process." Breda v. Scott, 1 F.3d 908 (9th Cir. 1993); Best v. Rome, 858 F.Supp 271, 274 n. 3 (D. Mass. 1994). In representing the Union in an arbitration proceeding, Creighton was acting as "an arm of the union." Peterson, 771 F.2d at 1258. And in those instances where counsel has been retained to perform "a function that often is performed by a union's business agents or

5

representatives," id. at 1258, disregarding the Atkinson rule "is not warranted or permissible merely because a union chooses to employ an attorney." Id.

Accordingly, Magistrate Judge Dein correctly found that Creighton is immune from the claims asserted by Elkins against her.

In an effort to avoid the statutory immunity conferred upon Creighton as the union's representative, Elkins now tries to contradict his earlier assertions by arguing that whether Creighton was a Union representative or his attorney is a question of fact. Not only is Elkins judicially estopped from taking such a contrary factual position to his earlier pleadings, but as a matter of law such an assertion is also incorrect. It is undisputed that the right to pursue a grievance under the CBA between the Union and Shuttle America rested with the Union. Complaint, ¶26; Magistrate's Report, p. 3-4. That is because an employee does not have a right to prosecute a grievance through the union; that is left to the union's discretion. Plumley v. Southern Container, 303 F.3d 364,374 (1st Cir. 2002). As such, in this case it was the Union who retained Creighton to represent its position at the arbitration of Elkins' grievance. And under directly analogous circumstances, Massachusetts has held that as a matter of law an attorney retained by a union to present a member's grievance at arbitration is the representative of the union, not the grievant. Best v. Rome, 858 F.Supp at 276 (citations omitted). Accordingly, an outside attorney presenting a grievance is deemed to be acting on behalf of the union, and thus is viewed as the union's agent. Id. at 276-277. And as the Union's agent, Magistrate Judge Dein properly stated that Creighton is immune from suit by Elkins.

6

III.  **CONCLUSION**

Based on the undisputed facts as established by Creighton and Elkins' own pleadings (Complaint, Opposition to Motions to Dismiss, and Objection to Magistrate's Report), it is clear that Creighton has neither personal nor business contacts with Massachusetts.  Therefore, Magistrate Judge Dein has correctly ruled that there are insufficient contacts to establish jurisdiction over Creighton in this Commonwealth.  Similarly, the undisputed facts also confirm that the claims brought against Creighton relate solely to actions undertaken in her capacity as a representative of the Union in connection with an arbitration brought pursuant to a collective bargaining agreement.  Therefore, Magistrate Judge Dein has correctly ruled that Creighton is immune from suit by Elkins.  Accordingly, the recommendations in the Magistrate's Report regarding Creighton should be adopted, and all claims against Creighton should be dismissed with prejudice.

        Respectfully submitted,

        CATHERINE CREIGHTON
        By her Attorneys,

        /s/Steven J. Bolotin
        Steven J. Bolotin, BBO#564085
        Justin M. Fabella, BBO#654859
        MORRISON MAHONEY LLP
        250 Summer Street
        Boston, MA  02210
        (617) 439-7500
        sbolotin@morrisonmahoney.com
        jfabella@morrisonmahoney.com

Dated: September 13, 2006

**CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 15, 2006, and that there are no non registered participants.

      /s/jfabella_____
      Justin M. Fabella