UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSCHUSETTS

|  |  |  |
|---|---|---|
| D. Lyle Elkins, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 05-11130 (NMG) |
| Teamsters Local 264, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT LOCAL 264's RESPONSE TO
PLAINTIFFS' OBJECTION TO REPORT AND RECOMMENDATIONS**

Defendant Local 264 ("Local" or "Union") responds to the objections filed by the plaintiffs to Magistrate Judge Dein's Report and Recommendations by stating that the plaintiffs fail to show that the Magistrate Judge erred in concluding that this Court lacks personal jurisdiction over the Local. Accordingly, the Court should adopt M.J. Dein's recommendation that the Local's Fed. R. Civ. P. 12(b)(2) motion be granted.

**1.  It is the plaintiffs' burden to demonstrate personal jurisdiction over the Local by showing it has sufficient minimum contacts with this forum**

As noted by the Magistrate Judge, the plaintiff bears the burden of establishing every element of personal jurisdiction.  "On a motion to dismiss for want of *in personam* jurisdiction, Fed. R. Civ. P. 12(b)(2), the plaintiff ultimately bears the burden of persuading the court that jurisdiction exists." *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998).  The plaintiff must "demonstrate the existence of every fact required to satisfy both the

forum's long-arm statute and the Due Process Clause of the Constitution." *United Elec. Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp.*, 987 F.2d 39, 43-44 (1st Cir. 1993).

Further, Massachusetts' long-arm statute, Mass. Gen. Laws ch. 223A, § 3 (2000), authorizes jurisdiction over the person to the limits allowed by the federal Constitution. See *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 52 (1st Cir. 2002). The court's analysis, therefore, centers on whether the personal contacts requirement of *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945), has been met and "the accepted mode of analysis for questions involving personal jurisdiction concentrates on the quality and quantity of the potential defendant's contacts with the forum." *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 288 (1st Cir. 1999).

2.  **The Magistrate Judge correctly concluded that Local 264 has not engaged in "continuous, systematic activity" in the Commonwealth of Massachusetts and, therefore, general personal jurisdiction is lacking**

General personal jurisdiction focuses on whether the defendant has engaged in continuous and systematic activity, unrelated to the suit, in the forum state. *Mass. Sch. of Law*, 142 F.3d at 34, *quoting United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080. The plaintiff must satisfy a stringent standard in order to establish that a court possesses general personal jurisdiction over a defendant. *Noonan v. Winston Co.*, 135 F.3d 85, 93 (1st Cir. 1998)("The standard for evaluating whether contacts satisfy the constitutional

general jurisdiction test is considerably more stringent than that applied to specific jurisdiction questions.").

The plaintiffs assert that general personal jurisdiction exists over Local 264 based on the presence of a small number of its members in Massachusetts. *Plaintiffs' Objection* at 9-10. The Magistrate Judge noted correctly that no evidence established the Local had *solicited* members in the Commonwealth. *R&R* at 18 (noting that the Local's conduct in Massachusetts was far less than conduct which failed in other cases to establish general personal jurisdiction). Contrary to the plaintiffs' assertion that the Local "chose" to have members and fee payers in the Commonwealth, the record does not show any solicitation by the Local in this state. Under Section 2, Eleventh of the Railway Labor Act, 45 U.S.C. § 152, Eleventh, the Local was required to offer membership on an equal basis to all pilots of Shuttle America as a condition of the union security agreement in the collective bargaining agreement. 45 U.S.C. § 152, Eleventh ("no such agreement shall require such condition of employment [membership in the union] with respect to employees to whom membership is not available upon the same terms and conditions as are generally applicable to any other member"). That individuals who chose the join the Union also chose to reside in the Commonwealth does not evidence any "continuous and systematic" activity by Local 264 in this jurisdiction. No evidence reflects any continuous course of representational activity by the Local in the Commonwealth. The Magistrate Judge properly concluded that the Plaintiffs' failed to meet the "stringent test" for general personal jurisdiction of this Court over the Local.

> **3.     The plaintiffs failed to demonstrate that a nexus exists between their claims against the Local and activity by the Union purposefully directed to Massachusetts**

In determining the existence of specific personal jurisdiction, a court must first analyze whether the plaintiff has satisfied the "relatedness requirement" by showing that a nexus exists "between the defendant's contacts and the plaintiff's cause of action." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 206 (1st Cir. 1994). The court must then determine whether a defendant has "purposefully availed" itself of the protections of the forum by deliberately engaging in significant activities within the forum that would cause it to reasonably foresee being subjected to litigation therein. *Sawtelle*, 70 F.3d at 1389. The "purposeful availment" element hinges on the voluntariness and foreseeability of the defendant's conduct. *Id.* at 1391. Finally, a plaintiff must satisfy the "Gestalt factors" that essentially focus on whether the exercise of personal jurisdiction is reasonable. *Ticketmaster-New York*, 26 F.3d at 210. "An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction." *Phillips Exeter Acad.*, 196 F.3d at 288.

Plaintiffs assert that specific personal jurisdiction exists in this Court over the Union based on Elkins' residency in Massachusetts during the time the Local processed his grievance. *Plaintiffs' Objection* at 10-11. But, as M.J. Dein correctly noted the specific jurisdiction analysis "focuses on the activities of the *defendant* in the forum, not the residence or location of the plaintiff." *R&R* at 20-21.

The record supports M.J. Dein's finding that "It is undisputed that the preparation for the arbitration, as well as the arbitration itself, took place in New York and Pennsylvania, respectively. Indeed, none of the actions by Local 264 of which plaintiffs complain took place in Massachusetts." *R&R at 20.* Since the plaintiffs' claims rest entirely on actions by the union's lawyer that occurred outside Massachusetts, specific personal jurisdiction is lacking here. *Id.*

In an effort to avoid this conclusion, Elkins asserts that the Local is subject to personal jurisdiction in this Court because of its communications with him. *Plaintiffs' Opposition* at 11. These isolated communications are not the basis for the plaintiffs' claims against the Union. *R&R* at 22. Moreover, as M.J. Dein noted, "Local 264 had contact with Mr. Elkins (and perhaps other Shuttle America employees) in Massachusetts only because that was 'the state where [they] happened to live.'" *Sawtelle*, 70 F.3d at 1391. Moreover, M.J. Dein concluded on the evidence that the Local did not perform any representational functions in Massachusetts for Shuttle American pilots and its communications with Elkins gave "no indication that, in undertaking that activity, Local 264 invoked the benefits and protections of the laws of Massachusetts." *Id.* In light of these facts, the Magistrate Judge was correct in holding that "without evidence that the defendant actually reached out to the plaintiff's state of residence to *create* a relationship - say, by solicitation - the mere fact that the defendant willingly entered into a tendered relationship [with a resident of Massachusetts] does not carry the day." *R&R* at 22, *citing Phillips Exeter Acad.*, 196 F.3d at 292.

Plaintiffs further argue that specific personal jurisdiction over the Local exists because the Local allegedly caused injury to Massachusetts's citizens. But they ignore that "case law in this jurisdiction is clear, however, that the fact that harm was suffered in Massachusetts as a result of actions which took place outside of Massachusetts is insufficient to create specific personal jurisdiction." *R&R* at 21, *citing Mass. Sch. of Law*, 142 F.3d at 36.

Finally, MJ Dein concluded that the "Gestalt factors" were essentially neutral and did not affect the conclusion that this Court lacks specific personal jurisdiction over Local 264 in light of the plaintiffs' failure to establish the relatedness and purposeful availment elements. *R&R* at 26. The plaintiffs essentially concede that a review of the Gestalt factors does not tip decidedly in either direction. *Plaintiffs' Opposition* at 11-12. Plaintiffs do not show how MJ Dein's conclusions regarding the Gestalt factors are in error. Given the plaintiffs' failure to establish the first two elements necessary for specific personal jurisdiction, the Gestalt factors cannot support a finding of jurisdiction over the Local. *Phillips Exeter Acad.*, 196 F.3d at 288 ("An affirmative finding on each of the three elements of the test is required to support a finding of specific jurisdiction.").

Moreover, as MJ Dein noted, the plaintiffs no longer appear to be citizens of Massachusetts. *R&R* at 3 n. 1. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 256, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981) ("a foreign plaintiff's choice [of forum] deserves less deference."). Where a plaintiff is not a resident of the forum the question of convenience to the litigants becomes neutral. *See Ticketmaster-New York*, 26 F.3d at 211 ("While a court accords a plaintiff's

choice of forum a degree of deference in respect to the issue of its own convenience, see *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981), the plaintiff's actual convenience seems to be at best a makeweight in this situation").

## CONCLUSION

Since the plaintiffs failed to carry their burden of establishing that personal jurisdiction lies in this Court over Local 264, the Recommendation of M.J. Dein that this Court grant the Local's motion under Fed. R. Civ. P. 12(b)(2) should be adopted. As noted by the Local in its objections to the Report and Recommendations, should this Court choose to adopt all of the Magistrate Judge's recommendations, including that the action be transferred to another jurisdiction, the Local submits this matter should be transferred to the United States District Court for the Western District of New York, Buffalo Division. *Local 264's Objection to Report and Recommendations* at 23-24.

Dated:  September 18, 2006.                    Respectfully submitted,

**/s/John D. Burke**
John D. Burke, BBO#556951
Dumont, Morris and Burke, P.C.
14 Beacon Street, Suite 300
Boston, MA  02108
(617) 227-7272/(617) 227-7025 [fax]

**/s/William R. Wilder**
William R. Wilder (Pro hac vice)
Baptiste & Wilder, P.C.
1150 Connecticut Ave., N.W., Suite 500
Washington, D.C. 20036
(202) 223-0723/(202) 223-9677 [fax]
wwilder@bapwild.com

Counsel for Defendant Local 264

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via the Court's ECF system on September 18, 2006.

                                            /s/William R. Wilder
                                            William R. Wilder