UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D. LYLE ELKINS, AND <br> MARTHA ELKINS, <br><br> Plaintiffs, <br><br> v. <br><br> INTERNATIONAL BROTHERHOOD OF <br> TEAMSTERS LOCAL 264, <br> CATHERINE CREIGHTON <br> AND SHUTTLE AMERICA, <br><br> Defendants. | CASE NO: 05-11130--NMG <br><br> (referred to Magistrate Judge Judith Dein) |

**REPLY OF SHUTTLE AMERICA TO PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE ON DEFENDANTS' MOTIONS TO DISMISS**

On September 6, Plaintiffs filed their objections to the August 28, 2006 Report and Recommendation of Magistrate Judge Judith Gail Dein on Defendants' Motion to Dismiss. This reply solely addresses the Plaintiffs' objections in Section 3 of their argument (pp. 14-17) in which Plaintiffs argue that Magistrate Judge Dein erred when she dismissed Plaintiffs' claims against Shuttle America because she found that the collusion required between Shuttle America and Defendant Local 264 had not been sufficiently pled, and that Shuttle America was not a necessary party to Plaintiffs' action against Teamsters Local 264.

The Magistrate Judge's findings and recommendation to dismiss Shuttle America should be accepted by the Court. In their objections to these findings, Plaintiffs are still unable to point to any facts supporting their collusion claim and continue to rely on non-factual assumptions rejected by the Magistrate Judge to support their claim. Indeed, Plaintiffs' contention that the off-the-record discussion between Attorney Creighton, the

arbitrator, and the attorney representing Shuttle America somehow involved collusion is inconsistent with the Complaint. In their Complaint, Plaintiffs, in describing the alleged actions of Creighton during the arbitration, explain that she "engag[ed] in an off-the-record conversation with the arbitrator and opposing counsel out of the presence of Mr. Elkins after which [Creighton] forced Mr. Elkins to drop his claim that he could not attend the training for medical reasons, on threat by the arbitrator to allow counsel for Shuttle America who was conducting the hearing for Shuttle America to testify at the hearing (which would have required Attorney Creighton to call her partner, Attorney Giroux, as a witness.)" Complaint at ¶ 43. Plaintiffs do not allege that Shuttle America contributed in any way to Attorney Creighton's alleged misconduct. In the end, this allegation does not even remotely imply that Shuttle America colluded with the union.

With respect to their argument that Shuttle America is a necessary party, Plaintiffs fail to address the Magistrate Judge's finding that some type of improper complicity is necessary to retaining Shuttle America as a party. Rather, they throw themselves on the mercy of the Court claiming that without Shuttle America as a party, and contrary to the case law, Plaintiff will be unable to obtain the relief he seeks.

The claim against Shuttle America is derivative of the claim against Local 264 and therefore, Shuttle America is not a necessary party. See Carroll v. Brotherhood of R.R. Trainment, 417 F.2d 1025, 1027 (1st. Cir. 1969), cert. denied, 397 U.S. 1034 (1970) (holding that the employer is not an indispensable party to DFR case under the Railway Labor Act and permitting joinder only if an employee can demonstrate a right of relief against the employer from the events in question.) There is no basis in law for Shuttle America remaining a party, if collusion can not be shown, and there is no legal support for this contention by Plaintiffs. Plaintiffs have not alleged any specific facts which implicate or point to inappropriate conduct by Shuttle America. Even if the Court were

to find that the Plaintiff had in fact alleged collusion, it would have to find that this was done with sufficient specificity. See Washington v. Chicago & N.W. Transportation Co., 1992 U.S. Dist. LEXIS 19449 at *5 (N.D. Ill. 1992) (a union's conduct must be viewed in a "highly deferential" manner which requires a "fair measure of specificity") (internal citations omitted).

To state a claim under the Railway Labor Act, federal courts require that an employee allege collusion, or some nexus akin to collusion, between the union and the employer to deprive him of his rights. See Dement v. Richmond, Fredericksburg & Potomac R.R., 845 F.2d 451, 457, 464 n.21 (4th Cir. 1988); United Indep. Flight Officers v. United Airlines, 756 F.2d 1274, 1283 (7th Cir. 1985); Sisco v. Consolidated Rail Corp., 732 F.2d 1188, 1190-91 (3rd Cir. 1984); Raus v. Brotherhood Ry. Carmen, 663 F.2d 791, 797-98 (8th Cir. 1981); Robinson v. Public Law Board No. 5914, 63 F. Supp. 2d 1266, 1270-71 (D.Colo. 1999) (citing Richins v. Southern Pacific Co., 620 F.2d 761 (10th Cir. 1980); Bishop v. Air Line Pilots Ass'n, 159 L.R.R.M. 2005 (N.D. Ca. 1998); Ryan v. BRAC, 141 L.R.R.M. 2361 (N.D.Ohio 1992); Turpen v. Missouri-Kansas-Texas R.R. Co., 573 F. Supp. 820, 821-22 (D.Tex. 1983), aff'd, 736 F.2d 1022 (5th Cir. 1984) and cases cited by Magistrate Judge Dein in her Report and Recommendations. No such collusion is alleged here, and the weak argument that Plaintiffs make on collusion is no different than it was in front of Magistrate Judge Dein.

In summary, Plaintiff Elkins has not been able to point to anything more to establish collusion and has not been able to demonstrate through legal citations any error by Magistrate Judge Dein. Her Report and Recommendations insofar as they support dismissing Shuttle America as a Defendant should be upheld and accepted by the Court.

                                            Respectfully submitted,

                                            SHUTTLE AMERICA,

                                            By its attorneys,

                                            <u>/s/ Richard W. Paterniti</u>
                                            Thomas Royall Smith, BBO#470300
                                            Richard W. Paterniti, BBO#645170
                                            JACKSON LEWIS LLP
                                            75 Park Plaza
                                            Boston, MA  02110
                                            (617) 367-0025

DATED: September 20, 2006

**CERTIFICATE OF SERVICE**

      This is to certify that on September 20, 2006, a copy of the foregoing document was electronically filed with the United States District Court for the District of Massachusetts through its Electronic Case Filing system.

                                        Richard W. Paterniti
                                        Jackson Lewis LLP