UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO.: 05-11130-NMG
_____

**D. LYLE ELKINS AND MARTHA ELKINS**
Plaintiffs

v.

**INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL 264, CATHERINE CREIGHTON
AND SHUTTLE AMERICA**
Defendants
_____

**PLAINTIFFS' MOTION FOR ENTRY OF SEPARATE AND FINAL
JUDGMENTS AS TO COUNTS 4, 5, 6, 7, 9 AND 10 AGAINST DEFENDANTS
CATHERINE CREIGHTON AND SHUTTLE AMERICA**

Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, Plaintiffs D. Lyle Elkins and Martha Elkins, though counsel, hereby respectfully request that this Court enter separate and final judgments against Defendants Catherine Creighton and Shuttle America, as to Counts 4, 5, 6, 7, 9 and 10 of the Complaint in this action.

As grounds for this motion, Plaintiffs state the following:

This is an action in which a former employee of Shuttle America (an airline) sued his union (Local 264) and its agent (Ms. Creighton) for breach of the union's duty of fair representation and related claims. The employer, Shuttle America, was named both as a necessary party and so that other claims could be asserted against it. Plaintiff Martha Elkins is the wife of Plaintiff D. Lyle Elkins, and she asserted claims for loss of consortium.

1

The three defendants in this action, Local 264 of the Teamsters, Ms. Creighton and Shuttle America, all filed motions to dismiss the claims against them. The motions to dismiss were granted as to Ms. Creighton and Shuttle America, but denied in part as to Local 264. The remaining claims against Local 264 were ordered transferred to the U. S. District Court for the Western District of New York, Buffalo Division.

Plaintiffs filed a timely appeal of this Court's decision with the U.S. Court of Appeals for the First Circuit. On January 17, 2007, the Court of Appeals issued an order directing Plaintiffs-Appellants to show cause, no later than January 31, 2007, why the appeal should not be dismissed for lack of jurisdiction. In its order, the Court of Appeals wrote that "the order appealed from does not appear to be a final order or an appealable interlocutory order," and therefore the Court of Appeals might not have jurisdiction absent certification pursuant to Rule 54(b).

Plaintiffs therefore request that pursuant to Rule 54(b), this Court make an express determination that there is no just reason to delay entry of judgment on the claims against Ms. Creighton and Shuttle America which were dismissed, and that the Court make an express direction for the entry of judgment on Counts 4, 5, 6, 7, 9 and 10 asserted against Ms. Creighton and Shuttle America. Such a determination and direction would allow the Court of Appeals to have jurisdiction over the appeal, and would allow Plaintiffs to have the appeal proceed in the First Circuit. As grounds for this motion, Plaintiffs state as follows:

1. Based upon the January 17, 2007 order of the Court of Appeals, it appears likely that Plaintiffs' appeal will be dismissed unless the requested determination and direction is granted. Plaintiffs desire to appeal the dismissal of their claims against Ms. Creighton and Shuttle America to the First Circuit so that their appeal of this Court's dismissals may be ruled upon as soon as possible, rather than having to wait until the disposition of their claims against Local 264 in the Western District of New York. Additionally, Plaintiffs do not want to lose the right to have their appeal heard by the First Circuit Court of Appeals rather than the Second Circuit Court of Appeals.

2. Plaintiffs are represented by counsel who resides in the Boston area, and who is not licensed to practice in the State of New York. To the extent that Plaintiffs will be required to litigate any aspect of this case in the Western District of New York as a prerequisite to appealing this Court's dismissal of the claims against Ms. Creighton and Shuttle America, Plaintiffs will have to undergo the additional expense of retaining counsel in Buffalo, New York, and incurring additional expenses for current counsel to travel to Buffalo to litigate this matter. Even if Plaintiffs have to litigate the claims against Local 264 in the Western District of New York, it would be less of a hardship for them if they were to be able to at least litigate the appeal of the dismissals in the First Circuit.

3. Defendants would not be disadvantaged by the granting of this motion and the litigation of the appeal of this Court's decision in the First Circuit.

For all of the foregoing reasons, it is respectfully requested that separate and final judgments be entered against Ms. Creighton and Shuttle America as requested.

Respectfully submitted,
D. LYLE ELKINS and MARTHA ELKINS
By their Attorney,

/s/Mitchell J. Notis

_____
Mitchell J. Notis, BBO # 374360
LAW OFFICE OF MITCHELL J. NOTIS
370 Washington Street
Brookline, MA 02445
Tel.: (617) 566-2700

## CERTIFICATE OF SERVICE

I, Mitchell J. Notis, hereby certify that this document filed through the ECF system will be sent electronically to any registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent to any non-registered participants as indicated in the Notice of Electronic Filing, this 31st day of January, 2007.

/s/Mitchell J. Notis

_____
MITCHELL J. NOTIS, BBO# 374360
Law Office of Mitchell J. Notis
370 Washington Street
Brookline, MA 02445
Tel: 617-566-2700

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, Mitchell J. Notis, counsel for Plaintiffs in this action, hereby certify that on January 31, 2007, I attempted to confer by phone with counsel for Defendants to attempt to resolve or narrow the issues presented by this motion, but that I was not able to reach all counsel prior to filing this motion and could not reach agreement with other counsel, and that we were therefore unable to resolve or narrow the issues.

/s/Mitchell J. Notis

_____
Mitchell J. Notis