UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| D. LYLE ELKINS AND MARTHA ELKINS, Plaintiffs | ) ) ) ) ) | |
| v. | ) ) | DOCKET NO: 05-11130NMG |
| INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL 264, CATHERINE CREIGHTON, AND SHUTTLE AMERICA, Defendants | ) ) ) ) ) ) ) | |

**OPPOSITION OF CATHERINE CREIGHTON TO
PLAINTIFFS' MOTION FOR ENTRY OF SEPARATE AND FINAL JUDGMENT**

NOW COMES defendant Catherine Creighton ("Creighton") and, in opposition to the Motion for Separate and Final Judgment of plaintiffs D. Lyle Elkins and Martha Elkins ("Elkins"), states that the motion should be denied as the entry of such judgment would result in piecemeal appeals contrary to the interests of justice and judicial economy. In support hereof, Creighton states as follows:

**I.    PROCEDURAL BACKGROUND**

This is a civil action arising from Creighton's representation of co-defendant International Brotherhood of Teamsters Local 264 (the "Union") in an arbitration proceeding over a grievance (the "Grievance") brought by the Union on behalf of Elkins against his employer, Shuttle America. In relevant part, Elkins alleges that Creighton and the Union caused him emotional distress (negligently and intentionally) because Creighton refused to follow Elkins' directions as to how she should conduct her representation of the Union at the arbitration of the Grievance, and insulted Elkins when

1042551v1

he continued to demand that she pursue claims which Creighton believed were unfounded.

This Court has dismissed all of Elkins' claims against Creighton on the basis that her actions were undertaken as a representative of the Union, and she is thus immune from suit. Conversely, this Court has allowed Elkins' intentional infliction of emotional distress claim to proceed against the Union, transferring that claim to the Western District of New York. The First Circuit Court of Appeals has advised Elkins that such ruling is interlocutory in nature, and thus not subject to appeal.

The remaining claim against the Union is identical to the claims Elkins has asserted against Creighton. They arise out of the exact same set of facts and circumstances, and will address the same evidence provided by the same witnesses and documents. In fact, Elkins is essentially seeking to hold the Union responsible for Creighton's actions as its representative. However, rather than resolving all of common claims at the same time, Elkins is seeking entry of separate and final judgment for the express purpose of litigating the same claims in two different courts.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. Rule 54(b), in cases involving multiple claims and/or parties where fewer than all of the claims have been finally adjudicated, the Court should direct the entry of final judgment as to the adjudicated claims only if there is "no just reason for delay[ing]" entry of final judgment. Fed. R. Civ. P. 54(b). "The law is firmly established in this circuit that a rote recital of Rule 54(b)'s talismanic phrase ["no just reason for delay"] is not enough, in and of itself, to trump the wonted application of the final judgment rule." Quinn v. City of Boston, 325 F.3d 18 (1st Cir. 2003); *see also*

Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988) (endorsing the "long-settled and prudential policy against the scattershot disposition of litigation"). To warrant recourse to the special procedure envisioned by Rule 54(b), the district court typically must make an individualized assessment of the desirability and effect of an immediate appeal. Id. Thus, an entry of a partial final judgment on the ground that there is no just reason for delay should not only make that explicit determination but should also make specific findings and set forth its reasoning. Id.

In determining if an entry of separate and final judgment is warranted, the Court must make an "assessment of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and the pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." Credit Francais Int'l, S.A. v. Bio-Vita, Ltd., 78 F.3d 698, 706 (1st Cir. 1996); see also Kersey v. Dennison Mfg. Co., 3 F.3d 482, 487 (1st Cir. 1993). In Kersey, the Court of Appeals stated the following:

> In its critical role as a Rule 54(b) "dispatcher" . . . the district court is to consider the strong judicial policy disfavoring piecemeal appellate review . . . by carefully comparing the dismissed and the unadjudicated claims for indications of substantial overlap -- to ensure that the appellate court is not confronted in successive appeals with common issues of law or fact to the detriment of judicial efficiency.

Kersey, 3 F.3d at 487 (citations omitted).

Based on the cases interpreting Rule 54(b), there is a strong policy against allowing Rule 54(b) certifications where such certifications would result in "piecemeal appellate review." Id. That is the very circumstance which Elkins admittedly seeks to achieve. In fact, in their motion for separate and final judgment, Elkins specifically states

that the purpose of obtaining separate and final judgment is to prosecute an appeal in Massachusetts while litigating the **identical** claims against the Union in New York.

In this case, there can be no question that there is a "substantial interdependence and overlap" between the pending claims against the Union and the dismissed claims against Creighton. Under such circumstance, it is error for the Court to grant separate and final judgment. See Credit Francais Int'l, S.A., 78 F.3d at 706. In Credit Francais Int'l, S.A., the court overturned the district court's Rule 54(b) certification because both the dismissed and surviving claims between the parties "rest on identical factual allegations." Id. In the present case, like in Credit Francais Int'l, S.A., the remaining claims against the Union arise out of the very conduct which forms the basis for Elkins' claims against Creighton. See Id. at 388-389.

Similarly, the result of entry of separate and final judgment in this matter would result in "piecemeal appellate review." Specifically, Elkins seeks to appeal the dismissal of their emotional distress claims against Creighton while at the same time they are required to litigate those same claims against the Union in another court. Should there be an appeal of the disposition of the claims against the Union, it will take place at another time, before a different appellate court. Thus, there exists the possibility that two different appellate courts can reach two different decisions regarding the viability of the exact same causes of action based upon the exact same conduct.

Under these circumstances, judicial economy dictates that these identical claims be resolved before any appeal. Instead, Elkins wants to engage in separate litigation of the same claims arising from the same alleged actions in different Federal Circuits. Such a piecemeal approach may possibly yield contradictory rulings of fact and law on the

exact same matters, and will certainly result in unnecessary successive appeals on common issues of fact and law.

    Accordingly, for the foregoing reasons, Catherine Creighton respectfully requests that this Court deny Elkins' Motion for Entry of Separate and Final Judgment.

Respectfully submitted,

CATHERINE CREIGHTON
By her Attorneys,


/s/sbolotin_____
Steven J. Bolotin, BBO#564085
Justin M. Fabella, BBO#654859
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210
(617) 439-7500

## CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 9, 2007, and that there are no non registered participants.


/s/sbolotin_____